FILED

2017 Mar-02  AM 09:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

KENNETH CORBETT,          )
                               )
       Plaintiff,         )
                               )
     vs.                )         3:14-cv-02223-LSC
                               )
CAROLYN W. COLVIN,     )
Commissioner of Social Security,  )
                               )
     Defendant.      )

**MEMORANDUM OF OPINION**

## I.    Introduction

The plaintiff, Kenneth Corbett, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). Mr. Corbett timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Corbett was fifty-three years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a general education diploma ("GED"), as well as an associate of arts degree from a two-year institution. (Tr. at 27-28, 131.)

His past work experiences include employment as a maintenance mechanic, a tile setter, a construction worker, stocking in a retail store, an inspector, and a molder. (Tr. at 47.) Mr. Corbett claims that he became disabled on October 20, 2011, due to numbness in his left hand causing him to be unable to grip or raise his arms over his head. (Tr. at 160.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI.  *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step.   *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).   The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA").   *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).   If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments.  *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational

requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's

impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Mr. Corbett meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 11.) He further determined that Mr. Corbett has not engaged in SGA since the alleged onset of his disability. (*Id.*) According to the ALJ, Mr. Corbett's status-post interbody fusion at the C5-6 and C6-7 vertebral levels and sarcoidosis are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 12.) The ALJ determined that Mr. Corbett has the following RFC: to perform less than a full range of light work as

defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (*Id.*) More specifically, the ALJ found that Mr. Corbett's dominant hand is his right hand and he is limited to lifting twenty pounds occasionally and ten pounds on a frequent basis. (*Id.*) Further, although Mr. Corbett is limited to occasional pushing and pulling with his left upper extremity, he may engage in frequent climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. (*Id.*) However, he is precluded from climbing ladders, ropes, and scaffolds, and he is precluded from bilateral overhead reaching. (*Id.*) Finally, he must avoid concentrated exposure to extreme cold, heat, wetness, and humidity, and he can stand, sit, and walk for six hours in each eight-hour timeframe. (*Id.*)

According to the ALJ, Mr. Corbett is unable to perform any of his past relevant work, he is an "individual closely approaching advanced age" and he has "at least a high-school education and is able to communicate in English," as those terms are defined by the regulations. (Tr. at 14.) The ALJ determined that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not-disabled', whether or not the claimant has transferable job skills." (Tr. at 15.) The ALJ enlisted a vocational expert ("VE") to help him reach the conclusion that there is still a significant number of jobs in the national

economy that Plaintiff is capable of performing, such as furniture rental consultant, attendant, and gate guard. (*Id.*) The ALJ concluded by stating that "[a] finding of 'not disabled' is therefore appropriate" and Mr. Corbett has not been under a disability "from October 20, 2011, through the date of this decision." (Tr. at 15-16.)

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision

makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.  Discussion

Mr. Corbett alleges that the ALJ's decision should be reversed and remanded for two reasons. First, he believes that the ALJ failed to "fully access the totality of [his] impairments, specifically the claimant's allegations of disabling

pain." (Doc. 14 at 6.) Second, he contends that the ALJ improperly determined that he could perform other work. (*Id.*)

### A.    Mr. Corbett's Allegations of Pain

Mr. Corbett asserts that the ALJ failed to properly address his allegations of disabling pain in determining his RFC. Specifically, Mr. Corbett alleges that he consistently reported significant pain to his physicians, was treated with narcotic pain medications and a transcutaneous electrical nerve stimulation ("TENS") unit for back pain, and testified to his pain levels at the hearing. He also argues that a person with his medical record would reasonably be expected to suffer disabling pain.

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer*, 395 F.3d at 1210 (citing

*Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is "not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* (internal quotations omitted).

In this case, the ALJ specifically noted that Mr. Corbett's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." (Tr. at 13.) In

reaching this conclusion, the ALJ took into account Mr. Corbett's medical condition and history. The ALJ noted that he had an anterior cervical discectomy and fusion in May 2011. (Tr. at 355.) On October 26, 2011, Mr. Corbett presented to Performance Rehab and reported that he hit his head at work six days earlier and he was experiencing pain at 7/10. (*Id.*) However, x-rays were normal, and Mr. Corbett's physician referred him to physical therapy. (*Id*). However, Mr. Corbett did not comply with his physical therapy regime to increase flexibility, decrease pain, and increase strength. On November 28, 2011, he had not met any of his physical therapy goals due to non-compliance. (Tr. at 359). As noted by the ALJ, Mr. Corbett was in fact discharged due to his noncompliance. (Tr. at 13, 360). Mr. Corbett's failure to comply with the recommendations of his doctors is evidence that his condition was not as limiting as he claimed. *See* 20 C.F.R. §§ 404.1529(c)(3)(v), (vi), 416.929(c)(3)(v), (vi).

The ALJ also found it significant, as does this Court, that less than a month after Mr. Corbett claims his disability began, he received a release from his treating doctor stating that he was able to return to work the next day. (Tr. at 14, 293.) Further, there is no objective medical evidence that his condition worsened since that time. In fact, he received an MRI of his cervical spine in February 2012, which showed that he had experienced "significant internal improvement." (Tr. at 14,

331.) He also received a CT scan in November 2011 that was returned within the normal limits. (*Id.*) Mr. Corbett's treating physician stated that he was "clinically doing pretty well" and was feeling better as of January 2012. (Tr. at 14.) In July 2012, his orthopedist indicated that he had some residual pain and paresthesias in his arm, but he had drastically improved and he could make a fist. (Tr. at 441). The physician also noted that Mr. Corbett had found the medication Lyrica to be quite beneficial, but that he stopped taking it and experienced some problems. (Tr. at 441). The fact that Mr. Corbett's medications controlled his alleged symptoms further undermines his allegations of disabling limitations. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); S.S.R. 96-7p; *Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984).

As the ALJ also noted, although Mr. Corbett testified that he lost his most recent job after losing the use of his hand and arm, this testimony was inconsistent with his claimed ability to drive, fuel his vehicle, dress himself, care for multiple dogs, use a mobile phone, and visit with his mother. (Tr. at 13, 183-85.) Although not dispositive, a plaintiff's ability to do various daily activities may indicate that the plaintiff's symptoms are not as limiting as alleged. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); S.S.R 96-7p; *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987).

It appears to the Court that the ALJ specifically addressed Mr. Corbett's allegations of pain in his opinion, and he provided explicit and reasonable reasons for rejecting his testimony. The objective medical and other evidence supports the ALJ's conclusion that Mr. Corbett's condition did not cause disabling limitations and instead shows that he could perform the RFC assigned by the ALJ.

### B.    Mr. Corbett's Ability to Perform Other Work

As noted previously, to help determine whether Mr. Corbett could perform his past work at step four or other work at step five of the sequential evaluation, the ALJ obtained testimony from a VE. (Tr. at 15.) When a plaintiff proves he cannot perform his past relevant work, the ALJ must produce evidence that other work exists that the plaintiff could perform given his RFC and other vocational factors. *See* 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). The plaintiff, however, still must prove that he cannot perform the jobs identified by the ALJ to meet his burden of proving he was disabled. *See Doughty*, 245 F.3d at 1278 n.2. Here, the VE testified that a hypothetical individual with Mr. Corbett's age, education, work experience, and RFC could not perform any of his past work. (Tr. at 51-52.) The VE also testified, however, that such an individual would have other work available to him including jobs as a furniture rental consultant, gate guard, and a surveillance system monitor. (Tr. at 52-54.) *See* 20 C.F.R. §§ 404.1566(e), 416.966(e). The VE went on

to testify, however, that the limitation of "avoidance of concentrated exposure to extreme cold, heat, wetness, and humidity" would actually preclude the job of gate guard. (Tr. at 55.)

Mr. Corbett points out that despite the VE's testimony that the gate guard job was precluded by the environmental limitations in the hypothetical question, the ALJ still found that he could perform the gate guard job in his opinion. (Tr. at 15, 53-54).The Commissioner contends that this error was harmless both because a significant number of jobs still exist in the national economy that Mr. Corbett is able to perform and because Mr. Corbett failed to demonstrate that he was unable to perform the other work assigned by the VE. (*Id.*) This Court agrees. Substantial evidence still supports the VE's testimony that Mr. Corbett could perform the two remaining jobs—furniture rental consultant (900 jobs in Alabama, 49,000 jobs in the nation) and attendant (200 jobs in Alabama, 6,000 jobs in the nation)—which represent a significant number of jobs in the national economy. *See Brooks v. Barnhart*, 133 F. App'x 669, 671 (11th Cir. 2005). Plaintiff failed to meet his burden of proving he could not perform the jobs of furniture rental consultant or attendant identified by the VE. *See Doughty*, 245 F.3d at 1278 n.2.

## IV.   Conclusion

Upon review of the administrative record, and considering all of Mr. Corbett's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON MARCH 2, 2017.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704